UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| CAROLINE ESHBAUGH, an individual; | CASE NO: 3:21-cv-00355 |
| Plaintiff, | JUDGE: |
| vs. | COMPLAINT FOR VIOLATION OF: |
| CABELL HUNTINGTON HOSPITAL, INC. ELIGIBLE FULL-TIME BARGAINING AND NON-BARGAINING EMPLOYEES LONG TERM DISABILITY COVERAGE, an Employee Welfare Benefit Plan; PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation; and DOES 1 through 5, inclusive, | ERISA SECTION 502(a)(1)(B) [29 USCS 1132(a)(1)(B)] [29 USCS 1132(g)] |
| Defendants. | |

Plaintiff, Caroline Eshbaugh ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Lawrence County, Ohio. She was an employee of Cabell Huntington Hospital, Inc., and by virtue of said employment she qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Cabell Huntington Hospital, Inc. Eligible Full-time Bargaining and Non-Bargaining Employees Long Term Disability Coverage, is an employee welfare benefit plan organized and existing under the laws of West Virginia and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Prudential Insurance Company of America ("Prudential") is a corporation existing under the laws of New Jersey and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division). The Defendants are additionally doing business in the within the jurisdiction of the United States District Court for the Southern District of West Virginia.

6. Cabell Huntington, Hospital, Inc. adopted an employee benefit plan titled Defendant, Cabell Huntington Hospital, Inc. Eligible Full-time Bargaining and Non-Bargaining Employees Long Term Disability Coverage. The Plan was at all material times a duly organized, existing and qualified plan. A copy of the Long-Term Disability Plan is attached hereto as *Exhibit A* and incorporated herein by reference.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

10. According to the terms of the Plan (as outlined in the denial letter dated January 6, 2020) disability is defined in the following manner:

**How does Prudential define disability?**

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your **sickness** or **injury**; and,
- you are under the *regular care* of a *doctor*; and,
- you have 20% or more loss in your *monthly earnings* due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and,
- you are under the regular care of a doctor.

The loss of a professional license or certification does not, in itself, constitute disability.

11. In February of 2017, the Plaintiff became totally disabled by virtue of her inability to work at her own '*regular occupation*' as required by the Plan.

3

12. The Plaintiff received Long Term Disability ("LTD") Benefits for nearly three years.

13. By letter dated January 6, 2020, Defendant, Prudential terminated the Plaintiff's long-term disability benefits under the any '*gainful occupation*' definition of disability.

14. The undersigned counsel was retained, and this denial of additional LTD Benefits was appealed by letter dated July 6, 2020.

15. Despite the bounty of evidence supporting Plaintiff's claim for LTD Benefits, Defendant, Prudential once more denied her claim by letter dated August 3, 2020.[1]

16. The undersigned counsel once more appealed this denial of LTD Benefits by a letter dated January 29, 2021.

17. Over the next several months, the Plaintiff, via her counsel, continued to send updated medical records to Defendant, Prudential.

18. This culminated in the undersigned sending a letter summary of Plaintiff's records from St. Mary's Medical Center to Defendant, Prudential on May 7, 2021.

19. This letter crossed in the mail with a denial letter from Defendant, Prudential dated May 4, 2021.

20. By letter dated June 4, 2021, Defendant, Prudential informed Plaintiff that the decision to terminate her claim for additional LTD Benefits had been upheld on second appeal on April 30, 2021. Even though Defendant, Prudential had been provided with medical records documenting that Plaintiff had underdone the implantation of a pacemaker,

---

[1] This Denial Letter was not received by the undersigned counsel until January 13, 2021.

4

Defendant, Prudential concluded that "it has been determined the new information would not change the prior decision outcome."

21. This denial exhausted all available administrative remedies for the Plaintiff's LTD claim.

22. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a. The opinions of her treating physicians, *Exhibit B*; and

    b. The decision of the Social Security Administration, *Exhibit C*.

23. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

24. The Court has *de novo* authority to review the decision of the Plan.

## FIRST CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants Cabell Huntington Hospital, Inc. Eligible Full-time Bargaining and Non-Bargaining Employee Long Term Disability Coverage, Prudential Insurance Company of America and DOES 1 through 5, inclusive.)**

25. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive.

26. The Plaintiff is due rights and benefits under the terms of the Plan.

27. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

28. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

29. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

30. As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;
2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;
3. Awarding the Plaintiff prejudgment interest to the date of judgment;
4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: June 22, 2021

                                                        **UNDERWOOD LAW OFFICES**

By: _/s/ J. Patrick L. Stephens_
J. Patrick L. Stephens, WVSB #10262
**Counsel for Plaintiff**
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (800) 991-4384
pstephens@underwoodlawoffices.com